# EXHIBIT
# 1
# Part 2 of 3

# EXHIBIT 1

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

| | |
|---|---|
| ALEXANDER CLARKE, MILTON CITCHENS, ANDREW GARCIA, EBONY JONES, KYLE SWERDLOW, MARLA WALKER, and RYAN WEBB, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 2022LA000308 |
| v. | |
| LEMONADE, INC., LEMONADE INSURANCE COMPANY, LEMONADE INSURANCE AGENCY, LLC, LEMONDADE, LTD., AND LEMONADE LIFE INSURANCE AGENCY, LLC | |
| Defendant. | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiffs Alexander Clarke, Milton Citchens, Andrew Garcia, Ebony Jones, Kyle Swerdlow, Marla Walker, and Ryann Webb ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Classes (as defined herein), and Defendants Lemonade, Inc., Lemonade Insurance Company, Lemonade Insurance Agency, LLC, Lemonade, Ltd., and Lemonade Life Insurance Agency, LLC (collectively, "Lemonade" or "Defendants"). The Plaintiffs and the Defendants are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

<u>**RECITALS**</u>

A.      On March 31, 2022, Plaintiffs filed a Consolidated Class Action Complaint ("CCAC") in the Circuit Court of DuPage County, Illinois, 18th Judicial Circuit (the "Action"). The material allegations of the CCAC are that, between June 25, 2019 and May 27, 2021, Defendants collected, captured, received, or otherwise obtained and/or stored the biometric identifiers and biometric information (collectively, "biometric information") of Plaintiffs and all other members of the Settlement Classes (defined below) without obtaining informed written consent or providing the data retention and destruction policies to consumers, in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. Plaintiffs also alleged that Defendants' conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), the California Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200. *et seq.*, other state consumer protection statutes, and other common-law duties.

B.      Prior to filing the instant Action, the Parties engaged in settlement discussions and, to that end, agreed to participate in a private mediation before Lemonade formally answered the CCAC.

C.      On January 25, 2022, the Parties participated in a full-day mediation with James Epstein of JAMS. The Parties were unable to resolve the matter at this mediation and continued negotiations on their own.

D.      On March 18, 2022, after further negotiations, the Parties executed a term sheet confirming the material terms of a class action settlement.

E.      At all times, Lemonade has denied and continues to deny any wrongdoing whatsoever, denies that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and denies that certification of a litigation class is

necessary or proper. Accordingly, any references to the alleged business practices of Lemonade in this Agreement, any settlement document, or the related Court hearings and processes will raise no inference that those business practices or any other business practices of Lemonade were improper. Nonetheless, considering the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs, Lemonade has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement to avoid further expense, inconvenience, and burden. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Lemonade, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

F.      Plaintiffs and Class Counsel recognize that Lemonade has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Lemonade through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel also have considered the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims, as further defined herein, be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Classes, and that it is in the best interests of the Settlement Classes to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

G.	Lemonade maintains that it has several meritorious defenses to the claims asserted in this action, and that Lemonade would prevail in this matter on summary judgment or at trial. Lemonade denies any wrongdoing and any liability to Plaintiffs and the Settlement Classes. Lemonade also denies that class certification is warranted or appropriate. Nevertheless, Lemonade recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to business operations arising out of class action litigation. Lemonade also recognizes the risks that a potential trial on class-wide claims might present. Accordingly, Lemonade believes that the Settlement set forth in the Agreement is likewise in the best interests of all parties involved.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Classes, and each of them, and Lemonade, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**AGREEMENT**

1.	**DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**	"**Action**" means *Clarke, et al. v. Lemonade, Inc.*, *et al.* Civil Action No.2022LA000308, pending in the Circuit Court of DuPage County.

**1.2** "**Alternate Judgment**" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this settlement by reason of such variance.

**1.3** "**Biometric Information**" means a Settlement Class Member's biometric identifier and biometric information, as those terms are defined in BIPA, 740 ILCS 14/10.

*1.4* "**BIPA**" shall mean the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

**1.5** "**Class Counsel**" means Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., Carlson Lynch, LLP, Scott+Scott, Freed Kanner London & Millen LLC, Bursor & Fisher, P.A.

**1.6** "**Class Period**" means the period of time from June 25, 2019 through and including May 27, 2021.

**1.7** "**Class Representatives**" means the named Plaintiffs in this Action: Alexander Clarke, Milton Citchens, Andrew Garcia, Ebony Jones, Kyle Swerdlow, Marla Walker, and Ryann Webb.

**1.8** "**Court**" means the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

**1.9** "**Defendants**" mean Lemonade, Inc., Lemonade Insurance Company, Lemonade Insurance Agency, LLC, Lemonade, Ltd., and Lemonade Life Insurance Agency, LLC.

**1.10** "**Defendants' Counsel**" means Baker & Hostetler LLP.

**1.11** "**Effective Date**" means the date ten (10) days after which all the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.12** "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Combined Settlement Fund shall be deposited by Defendants (and/or by Defendants' insurers on behalf of Defendants) into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or fewer. The costs of establishing and maintaining the Escrow Account shall be paid from the Combined Settlement Fund.

**1.13** "**Fee Award**" means the amount of attorneys' fees, costs, and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Combined Settlement Fund.

**1.14** "**Final**" when not used in combination with any other term defined herein, means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.15** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and service awards to the Class Representatives.

**1.16** "**Final Order and Judgment**" means the Final Order and Judgment to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.17** "**Illinois Settlement Sub-Class**" shall be defined as "All Defendants' policyholders in the State of Illinois who, between June 25, 2019 and May 27, 2021, provided first notice of loss through a video claim submission from which Defendants or Released Parties could have collected, captured, received, or otherwise obtained or disclosed data or information that could be construed as biometric identifiers of any kind (including, but not limited to retina or iris scan, fingerprint, voiceprint, scan of hand, scan of face geometry, or measurement of any biological feature) and/or biometric information of any kind (including, but not limited to, any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual). Specifically excluded from the definition of "Illinois Settlement Sub-Class" are Defendants; all officers, directors, or employees of Defendants; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action."

**1.18** "**Net Settlement Fund**" means the amount of the Settlement Fund remaining after payment of claims administration and notice costs, service awards to the Class Representatives, and the Fee Award.

**1.19** "**Nationwide Settlement Class**" shall be defined as "All Defendants' policyholders in the United States who, between June 25, 2019 and May 27, 2021, provided first notice of loss through a video claim submission from which Defendants or Released Parties could have collected, captured, received, or otherwise obtained or disclosed data or information that could be construed as biometric identifiers of any kind (including, but not limited to retina or iris scan, fingerprint, voiceprint, scan of hand, scan of face geometry, or measurement of any biological feature) and/or biometric information of any kind (including, but not limited to, any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual). Specifically excluded from the definition of "Nationwide Settlement Class" are Defendants; all officers, directors, or employees of Defendants; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action."

**1.20** "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Classes substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, 735 ILCS 5/2-803, and is substantially in the form of Exhibits A, B, and C hereto.

**1.21** "**Notice Date**" means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be twenty-eight (28) days after Preliminary Approval.

**1.22** "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person (defined below) within a Settlement Class must be made, which shall be designated as a date no later than forty-five (45)

days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.23** "**Person**" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.24** "**Preliminary Approval**" means the Court's certification of the Settlement Classes (defined below) for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.25** "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement, certifying the Settlement Classes for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.26** "**Released Claims**" means all claims, liabilities, demands, causes of action, or lawsuits of the Plaintiffs and Settlement Class Members, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever that were or could have been brought in any of the actions filed (or to be filed) by Plaintiffs relating to all biometric identifiers of any kind or biometric information contained in images, audio, and video submitted to Defendants and Released Parties, including,

but not limited to, claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, New York's Uniform Deceptive Trade Practices Act Section 349, California Unfair Competition Law, Bus. & Prof. Code § 17200, any other federal, state, or local law, regulation, or ordinance, or common law, and any claims asserted or that could have been asserted in the Actions relating to biometric identifiers of any kind (including, but not limited to retina or iris scan, fingerprint, voiceprint, scan of hand, scan of face geometry, or measurement of any biological feature) and/or biometric information of any kind (including, but not limited to, any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual) of policyholders of which Lemonade came into possession between June 25, 2019 and May 27, 2021.

1.27　"**Released Parties**" means Lemonade, Inc., Lemonade Insurance Company, Lemonade Insurance Agency, LLC, Lemonade, Ltd., and Lemonade Life Insurance Agency, LLC and each of their affiliated persons and entities, which includes, but is not limited to, their respective parents, indirect or direct subsidiaries, divisions, affiliates, individuals, insurers and reinsurers, franchisees, franchisors, joint venturers, partners, limited partners, employees, attorneys, officers, directors, managers, members, shareholders, successors, predecessors, and vendors.

1.28　"**Releasing Parties**" means Plaintiffs, those Settlement Class Members who do not validly opt out of the Settlement Classes, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants,

financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.29** "**Settlement Administration Expenses**" means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Classes, making payments to Settlement Class Members, and related services, paying taxes and tax expenses related to the Combined Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.30** "**Settlement Administrator**" means Epiq Systems, Inc., or such other reputable administration company that has been selected by Class Counsel, is reasonably acceptable to Lemonade, and is approved by the Court to perform the duties set forth in this Agreement, including but not limited to overseeing the distribution of Notice, as well as the payments to the Settlement Class as set forth in this Agreement, and disbursing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.

**1.31** "**Settlement Classes**" means the Nationwide Settlement Class and the Illinois Settlement Sub-Class.

**1.32** "**Settlement Class Member**" means a Person who falls within the definition of one of the Settlement Classes set forth above and who has not submitted a valid request for exclusion.

**1.33** "**Settlement Fund**" means the non-reversionary settlement fund that shall be established by Defendants in the total amount of four million dollars ($4,000,000.00 USD) to be

deposited into the Escrow Account (defined below), according to the schedule set forth herein, plus all interest earned thereon. $3,000,000 of the Settlement Fund will be allocated to settlement of the Illinois Settlement Sub-Class, and $1,000,000 of the Settlement Fund will be allocated to settlement of the Nationwide Settlement Class. The Settlement Fund shall be used to pay all Settlement Class Member payments, Settlement Administration Expenses, any service awards to the Class Representatives, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendants' monetary obligations under this Agreement.

**1.34** "**Unknown Claims**" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the settlement, or seek exclusion from the Class. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

## 2. SETTLEMENT RELIEF.

### 2.1 Payments to Settlement Class Members.

**(a)** Defendants shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($4,000,000.00 USD), specified in Section 1.33 of this Agreement, within ten (10) business days after Court's Final Order and Judgment approving the settlement becomes Final, as specified in Section 1.14 of this Agreement.

**(b)** Each Settlement Class Member who files a valid claim will receive a *pro rata* payment from the Net Settlement Fund, adjusted as set forth below. The payments shall be distributed as follows:

- Nationwide Settlement Class Members shall shall collectively receive 25% of the Net Settlement Fund, distributed *pro rata* to each Nationwide Settlement Class Member.

- Illinois Settlement Sub-Class Members shall collectively receive 75% of the Settlement Fund, distributed *pro rata* to each Illinois Settlement Sub-Class Member.

**(c)** Payments to all Settlement Class Members who file valid claims shall be issued within sixty (60) days after the Effective Date. Payments shall be made by check or electronically via Venmo or PayPal at the election of each Settlement Class Member.

**(d)** All payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. If a check issued to a Settlement Class Member is

not cashed within one hundred and eighty (180) days after the date of issuance, such funds shall be redistributed as *cy pres* to the Chicago Bar Foundation; a non-sectarian, not-for-profit *pro bono* legal organization; or another non-sectarian, not-for-profit organization(s) recommended by the Parties and approved by the Court.

**2.2     Injunctive Relief**

**(a)**     On or about May 27, 2021, Lemonade stopped collecting biometric identifiers (retina or iris scan, fingerprint, voiceprint, scan of hand or scan of face geometry) or biometric information (any information based on an individual's biometric identifier used to identify any individual). If, in the future, Lemonade starts collecting biometric identifiers (retina or iris scan, fingerprint, voiceprint, scan of hand or scan of face geometry) or biometric information (any information based on an individual's biometric identifier used to identify any individual), it will comply with BIPA and all other applicable laws.

**(b)**     Within seven (7) days after the entry of the Final Order and Judgment, Lemonade shall delete all previously-collected biometric information and/or biometric identifiers from all Settlement Class Members.

**3.     RELEASE**.

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**3.3**     Upon the Effective Date, Lemonade and all Releasees shall release Plaintiffs, Settlement Class Members, and their counsel from any claims relating to the institution, prosecution, or settlement of the Action.

**4.     NOTICE TO THE CLASS**.

    **4.1**     The Notice Plan shall consist of the following:

    **(a)**     *List of Settlement Class Members*.  No later than twenty-one (21) days after the entry of the Preliminary Approval Order, Lemonade shall produce to the Settlement Administrator pursuant to a confidentiality agreement an electronic list from its records that includes the names and last known email and U.S. Mail addresses, to the extent available, belonging to Persons within the Settlement Classes. The electronic list shall also differentiate between those Persons who are Nationwide Settlement Class Members and those Persons who are Illinois Settlement Sub-Class Members. This electronic document shall be provided solely to the Settlement Administrator for the purpose of giving notice to the Settlement Class Members and shall not be used for any other purpose.

    **(b)**     *Direct Notice via Lemonade Application*. No later than twenty-eight (28) days from entry of the Preliminary Approval Order, Lemonade shall provide Notice to Settlement Class Members by posting a link to the Notice, substantially in the form attached as Exhibit A, on the Lemonade Application and which shall remain posted for sixty (60) days.

    **(c)**     *Direct Notice via Email.* No later than twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit A to all Settlement Class Members for whom a valid email address is known by Lemonade. In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

    **(d)**     *Direct Notice via U.S. Mail*. No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send notice

substantially in the form attached as Exhibit B via First Class U.S. Mail to all Settlement Class Members who did not receive an email pursuant to Paragraph 4.1(C), above.

      **(e)**    *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.LemonadeBIPAsettlement.com), which shall be obtained, administered and maintained by the Settlement Administrator. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

      **4.2**    The Notice shall advise Settlement Class Members of their rights, including the rights to be excluded from or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files any objection through the Court's electronic filing system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.

      **4.3**    Any Settlement Class Member who intends to object to this Agreement must present on a timely basis pursuant to the Court's anticipated Order preliminarily approving the Settlement the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all

citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.4     If a Settlement Class Member or any of the Objecting Attorneys has previously objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.5     A Settlement Class Member may request to be excluded from the Settlement Classes by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Settlement Class Member must timely send a signed written request for exclusion to the Settlement Administrator providing his/her name and address, his/her signature, the name and number of the case, and a clear statement that he or she wishes to be excluded from the Settlement Classes for purposes of this settlement. A request to be excluded that does not include all of this information, does not clearly state an intention to be excluded, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Classes and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Classes who validly elects to be excluded from this Agreement shall not: (i) be bound

by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by each Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6** The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(b) is provided.

**5.** **SETTLEMENT ADMINISTRATION**.

**5.1** The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing payments in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such non-confidential records will be made available to Class Counsel and Defendants' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall:

**(a)** Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement,

and all copies thereof, within thirty (30) days after the date on which all payments have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts in a form approved by Class Counsel and Defendants' Counsel, website postings or language or other communications in a form approved by Class Counsel and Defendants' Counsel with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendants' Counsel agree to waive this requirement in writing on a case by case basis;

(c)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendants' Counsel copies thereof, along with a weekly report of the number of such requests received. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel and await guidance from Counsel as to treatment thereof;

5.2     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.3     Defendants, the Released Parties, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the

management, investment, or distribution of the Settlement Fund; (iii) the allocation of the Settlement Fund to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.4** All taxes and tax expenses shall be paid out of the Settlement Fund and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

**6. TERMINATION OF SETTLEMENT**.

**6.1** Subject to Paragraphs 9.1-9.3 below, Defendants, or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order and Judgment in this Action in any material respect; (iv) the date upon which the Final Order and Judgment is modified or reversed in any material respect by an Appellate Court or the Supreme

Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by an Appellate Court or the Supreme Court. Should a Termination Notice be sent, the Parties shall revert to the status quo as of the date of execution of the Class Action Settlement Term Sheet.

**6.2**     Defendants have represented that there are a total of 110,507 members of the Nationwide Settlement Class of which 5,011 are members of the Illinois Settlement Sub-Class. Lemonade will provide Class Counsel with a declaration confirming the number of Settlement Class Members. Defendants have the right to terminate this Settlement Agreement if more than 2% of the of the total number of Nationwide Settlement Class Members (which include Illinois Settlement Sub-Class members) validly exclude themselves from the Settlement Classes.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**.

**7.1**     Within 30 days of the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Classes for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits A, B, and C hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Classes or materially expand the obligations of Defendants.

**7.2** At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3** After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will among other things:

**(a)** find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

**(b)** approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)** find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Illinois Code of Civil Procedure, the Due Process Clause of the United States and Illinois Constitutions, and the rules of the Court;

**(d)** conditionally find that the prerequisites for a class action under 735 ILCS 5/2-801 have been satisfied for settlement purposes only for the Settlement Class in that: (1) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (4) the Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (5) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (6) the Settlement Class is ascertainable; and (7) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

**(e)** dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)** incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)** permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)** without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose;

(i)     close the case; and

(j)     incorporate any other provisions, as the Court deems necessary and just, provided that such other provisions do not materially abridge, enlarge, or modify any rights or responsibilities of the Released Parties or Settlement Class Members under this Agreement.

7.4     The Parties shall also request that the Final Judgment include a finding by the Court that the prospective relief described in Paragraph 2.2 above constitutes Defendant's compliance with BIPA going forward.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

8.1     Class Counsel shall apply to the Court for payment of an award of attorneys' fees of up to 33 1/3% of the Settlement Fund plus the value of the injunctive relief, inclusive of reimbursement of Class Counsel's costs and expenses incurred on behalf of the Settlement Class. Defendants agree to not object to or otherwise challenge, directly or indirectly, Class Counsel's petition. Payment of the Fee Award shall be made from the Settlement Fund. If the Court awards less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

8.2     The Fee Award shall be payable by the Settlement Administrator within ten (10) business days after entry of the Court's Final Order and Judgment approving the Settlement Agreement becomes Final, subject to Class Counsel providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Class Counsel, in accordance with wire instructions to be provided by Class Counsel, and completion of necessary forms, including but not limited to W-9 forms.

**8.3** Class Counsel shall apply for service awards to the Class Representatives from the Settlement Fund, in addition to any settlement payment pursuant to this Agreement, in recognition of their efforts on behalf of the Settlement Class, in the amount of no more than two thousand five hundred dollars ($2,500.00) each. Defendants shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the service awards to the Class Representatives if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as service awards for the Class Representatives. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. To the extent granted, service awards shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent care of Class Counsel), within ten (10) business days after the Final Order and Judgment approving the Settlement Agreement becomes Final.

**9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION.**

**9.1** The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

      **(a)** The Parties and their counsel have executed this Agreement;

      **(b)** The Court has entered the Preliminary Approval Order;

      **(c)** The Court has entered a Final Order and Judgment approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Illinois Code of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)     The Final Order and Judgment has become Final, as defined above in Paragraph 1.14, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 or 6.2 unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the incentive award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement

Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendants or Defendants' insurer, if applicable, based upon written instructions provided by Defendants' Counsel. In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendants or Defendants' insurer, if applicable, based upon written instructions provided by Defendants' Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest. In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendants or Defendants' insurer, if applicable, based upon written instructions provided by Defendants' Counsel, the attorneys' fees and costs paid to Class Counsel and/or Class Representatives from the Settlement Fund, in the amount vacated or modified, including any accrued interest.

## 10.   MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis. Nothing herein, however, shall be construed to prevent any employee of Defendants or any Released Party, or any independent contractor working in a reporting or newsgathering capacity for Defendants or any Released Party, from reporting on the Action or this Settlement.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

    **(a)**     is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the

deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**     is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Order and Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Classes, the Releasing Parties, or each or any of them, or against the Released Parties, or each or

any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Classes, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit, or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The Parties acknowledge that (a) any certification of the Settlement Classes as set forth in this Agreement, including certification of the Settlement Classes for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definitions would be appropriate for a litigation class, nor would Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Classes will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendants in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Settlement Classes, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**    No person or entity shall have any claim against the Class Representatives, Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement. The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**    All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto shall be subject to the jurisdiction of the Court.

**10.8**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.9**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.10**    All the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified

only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**   Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.14**   Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**10.16**   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed

DocuSign Envelope ID: 17F36ECB-CF3D-4381-B6BB-3B218DB145FD

substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

    **10.20**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100, Chicago, IL 60606; Joel Griswold, Baker & Hostetler LLP, 200 South Orange Ave., Suite 2300, Orlando, FL  32801.

**IT IS SO AGREED TO BY THE PARTIES**:

| ALEXANDER CLARKE, MILTON CITCHENS, ANDREW GARCIA, EBONY JONES, KYLE SWERDLOW, MARLA WALKER, and RYAN WEBB, individually and on behalf of Settlement Class | LEMONADE, INC., LEMONADE INSURANCE COMPANY, LEMONADE INSURANCE AGENCY, LLC, LEMONDADE, LTD., AND LEMONADE LIFE INSURANCE AGENCY, LLC |
|---|---|
| **ALEXANDER CLARKE**<br><br>By: _____<br><br>Date: 5/3/2022 _____<br><br>**MILTON CITCHENS**<br><br>By: _____<br><br>Date: 4/25/2022 _____<br><br>**ANDREW GARCIA**<br><br>By: _____<br><br>Date: _____ | <br><br>By: _____<br><br>Date: _____<br><br>Daniel Schreiber<br>Chief Executive Officer<br>LEMONADE, INC.<br>5 Crosby Street<br>New York, NY 10013 |

DocuSign Envelope ID: 21B94F4C-1CAF-4260-A228-C84B852955FF

substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20**  Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Suite 2100, Chicago, IL 60606; Joel Griswold, Baker & Hostetler LLP, 200 South Orange Ave., Suite 2300, Orlando, FL  32801.

**IT IS SO AGREED TO BY THE PARTIES**:

| | |
|---|---|
| **ALEXANDER CLARKE, MILTON CITCHENS, ANDREW GARCIA, EBONY JONES, KYLE SWERDLOW, MARLA WALKER, and RYAN WEBB, individually and on behalf of Settlement Class** | **LEMONADE, INC., LEMONADE INSURANCE COMPANY, LEMONADE INSURANCE AGENCY, LLC, LEMONDADE, LTD., AND LEMONADE LIFE INSURANCE AGENCY, LLC** |
| **ALEXANDER CLARKE**<br><br>By: _____<br><br><br>Date:_____ | By: _____<br><br>Date: May 11, 2022 \| 10:56 EDT<br>_____ |
| **MILTON CITCHENS**<br><br>By: _____<br><br><br>Date:_____ | Daniel Schreiber<br>Chief Executive Officer<br>LEMONADE, INC.<br>5 Crosby Street<br>New York, NY 10013 |
| **ANDREW GARCIA**<br><br>By: _____<br>065B51BA93DB4D4...<br><br>Date: 4/30/2022<br>_____ | |

**EBONY JONES**

By: _____
Ebony Jones (Apr 22, 2022 16:12 CDT)

Date: ___Apr 22, 2022___

**KYLE SWERDLOW**

By: _____

Date: _____

**MARLA WALKER**

By: _____
Marla Walker (Apr 22, 2022 16:45 CDT)

Date: ___Apr 22, 2022___

**RYAN WEBB**

By: _____

Date: _____

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| By: _Gary M Klinger_ | By: _Joel C. Griswold_ <br> DocuSigned by: <br> 1E2A5EB02A7D41D... |
| Date: ___4/21/2022___ | Date: ___5/11/2022 \| 8:30 AM PDT___ |
| Gary M. Klinger <br> **MILBERG COLEMAN BRYSON** <br> **PHILLIPS GROSSMAN, PLLC** <br> 227 W. Monroe Street, Suite 2100 <br> Chicago, IL 60606 <br> Tel: 866.252.0878 <br> E-Mail: gklinger@milberg.com | Joel Griswold <br> **BAKER & HOSTETLER LLP** <br> 200 South Orange Avenue, Suite 2300, <br> Orlando, FL 32801 <br> Telephone: 407-649-4088 <br> jcgriswold@bakerlaw.com |

**EBONY JONES**

By: _____

Date:_____

**KYLE SWERDLOW**

By: _____

Date:_____

**MARLA WALKER**

By: _____

Date:_____

**RYAN WEBB**

By: _Ryan Webb_____
     Apr-22-2022

Date:_____Apr-22-2022_____

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| By: _Gary M Klinger_____ | By: _____ |
| Date: _4/21/2022_____ | Date:_____ |
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>Tel: 866.252.0878<br>E-Mail: gklinger@milberg.com | Joel Griswold<br>**BAKER & HOSTETLER LLP**<br>200 South Orange Avenue, Suite 2300,<br>Orlando, FL  32801<br>Telephone: 407-649-4088<br>jcgriswold@bakerlaw.com |

**EBONY JONES**

By: _____

Date:_____

**KYLE SWERDLOW**

By: _____
Kyle Swerdlow (Apr 21, 2022 13:37 CDT)

Date: Apr 21, 2022 _____

**MARLA WALKER**

By: _____

Date:_____

**RYAN WEBB**

By: _____

Date:_____

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| By: *Gary M Klinger* | By: _____ |
| Date: 4/21/2022 | Date:_____ |
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON**<br>**PHILLIPS GROSSMAN, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>Tel: 866.252.0878<br>E-Mail: gklinger@milberg.com | Joel Griswold<br>**BAKER & HOSTETLER LLP**<br>200 South Orange Avenue, Suite 2300,<br>Orlando, FL 32801<br>Telephone: 407-649-4088<br>jcgriswold@bakerlaw.com |

Katrina Carroll
**CARLSON LYNCH, LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
Facsimile: (312) 750-1591
kcarroll@carlsonlynch.com

Joseph P. Guglielmo*
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

Jonathan M. Jagher*
**FREED KANNER LONDON &
MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6487
Facsimile: (224) 632-4521
jjagher@fklmlaw.com

Frederick J. Klorczyk III*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: fklorczyk@bursor.com

Bonnie Keane DelGobbo
Amy L. Lenz
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200
bdelgobbo@bakerlaw.com
alenz@bakerlaw.com